SUMMARY ORDER

Ri Huang Zhang, a native and citizen of China, seeks review of an August 22, 2008 order of the BIA affirming the March 8, 2006 decision of Immigration Judge (“D”) Vivienne Gordon-Uruakpa, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Ri Huang Zhang, No. A95 687 569 (B.I.A. Aug 22, 2008), aff'g No. A95 687 569 (Immig. Ct. N.Y. City Mar. 8, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.[2]
The Government argues that Zhang failed to exhaust any challenge to the IJ’s adverse credibility determination by neglecting to address that determination in his brief to the BIA. We agree. While Zhang mentioned the credibility determination in his brief, he failed to articulate any error in the IJ’s credibility determination, or, indeed, to even acknowledge the IJ’s specific findings. In his brief to this Court, Zhang does not address the Government’s exhaustion argument, but instead challenges the agency’s credibility determination with specificity.
In addition to the statutory requirement that petitioners exhaust each category of relief, 8 U.S.C. § 1252(d)(1), this Court generally will not consider arguments regarding individual issues that were not exhausted before the agency. Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 107 n. 1, 122-123 (2d Cir.2007). While not jurisdictional, this judicially-imposed issue exhaustion requirement is mandatory. Id. at 119-120. In particular, a petitioner must challenge all findings that are dispositive of his claims, and the failure to do so is fatal to his petition for review. See Steevenez v. Gonzales, 476 F.3d 114, 117—118 (2d Cir.2007).
The BIA did not excuse Zhang’s failure to exhaust. Cf. Waldron v. INS, 17 F.3d 511, 515 n. 7 (2d Cir.1993); Xian Tuan Ye v. DHS, 446 F.3d 289, 296-97 (2d Cir.2006). Indeed, the BIA expressly found that Zhang offered “no substantive argument with respect to the Immigration Judge’s concerns about [his] credibility” and that he made “no argument on appeal concerning the Immigration Judge’s findings with respect to the lack of corroborating evidence.” While Zhang challenges the IJ’s credibility findings with much greater specificity here, considering his newly-minted arguments would defeat the purpose of the issue exhaustion requirement — to allow the agency to review its own decisions for error after having the opportunity to consider the applicant’s arguments. See Theodoropoulos v. I.N.S., 358 F.3d 162, 171 (2d Cir.2004) (“at least one of the purposes served by the exhaustion requirement contained in § 1252(d) is to ensure that the INS, as the agency responsible for construing and applying the immigration laws and implementing regulations, has had a full opportunity to consider a petitioner’s claims before they are submitted for review by a federal court.”); see also Lin Zhong, 480 F.3d at 123, 124 n. 24.
Even if we were to reach Zhang’s unexhausted arguments, they are entirely without merit. In finding that Zhang was not credible, the IJ identified numerous. *58 discrepancies in the record, including: (1) while Zhang testified that he evaded Chinese officials for almost a year before fleeing to the United States, he omitted that assertion from his asylum application; (2) while Zhang claimed that he did not participate in Falun Gong activities in the United States because they occurred in Chinatown “quite far away,” he testified that he had lived in Chinatown continuously since coming to the United States; and (3) while Zhang testified that he did not know when Falun Gong became illegal in China, the IJ found this assertion implausible. See Xiu Xia Lin, 534 F.3d at 165-66; Ying Li v. Bureau of Citizenship and Immigration Services, 529 F.3d 79, 82 (2d Cir.2008). Additionally, the IJ properly noted the absence of documentary evidence that may have corroborated Zhang’s claim. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006).
Inasmuch as Zhang based his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, all three claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t. of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). See Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165-66 (2d Cir.2008).